**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RINA MARIETA SANTILLANO, | No. 13-74223 |
| Petitioner, | Agency No. A070-779-803 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Rina Marieta Santillano, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Santillano does not claim she suffered harm in Guatemala, but fears harm if she returns. Substantial evidence supports the BIA's determination that Santillano failed to establish a causal nexus between the harm she fears and a protected ground. *See id.* at 1016 ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, Santillano's asylum claim fails.

Because Santillano failed to establish eligibility for asylum, she necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the BIA's denial of CAT relief because Santillano failed to show it is more likely than not that she would be tortured by the Guatemalan government, or with its consent or acquiescence. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we lack jurisdiction to review the agency's determination that

Santillano failed to establish she registered for ABC benefits and thus is not eligible for relief under NACARA. *See Ixcot v. Holder*, 646 F.3d 1202, 1213-14 (9th Cir. 2011) ("IIRIRA expressly precludes federal courts from reviewing the agency's factual determination that an immigrant is ineligible for . . . special rule cancellation of removal").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**